UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:20-CR-00464-D-1

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>WILLIAM ROBERT JEFFERY | PROPOSED RELEASE PLAN IN SUPPORT OF EMERGENCY MOTION TO RE-OPEN DETENTION PROCEEDINGS |

NOW COMES Defendant, William Robert Jeffery, through undersigned counsel, and submits this Proposed Release Plan in support of Defendant's Emergency Motion to Re-Open Detention Proceedings. In support:

**Proposed Release Plan**

If released, Mr. Jeffery could reside with his elder sister, Janice VanDeWalker, and her husband, Kelly VanDeWalker, in their home in Carmel, Indiana. The VanDeWalkers are the only residents living in their five-bedroom single-family home. Both Mr. and Mrs. VanDeWalker are retired and spend most of their time inside the home, making them ideal third-party custodians. They have plenty of room to house Mr. Jeffery, and Mr. Jeffery is familiar with and comfortable in their home, having visited his sister and brother-in-law there on many occasions over the years. The VanDeWalkers are aware of Mr. Jeffery's charges, although they do not know the specific factual allegations against him other than what Mrs. VanDeWalker heard as testimony presented in the initial detention hearing. They are also aware of Mr. Jeffery's prior convictions. Mrs. VanDeWalker speaks frequently to her brother, Mr. Jeffery, and they mostly discuss his health and the conditions at the Franklin County Detention Center. Mrs. VanDeWalker has been a dedicated sister to Mr. Jeffery since his arrest and has made several trips to North Carolina to handle Mr. Jeffery's personal affairs.

Prior to retiring, Mrs. VanDeWalker was a robotics engineer. Upon information and belief, she received training for this profession in the air force. Prior to retirement, Mr. VanDeWalker was a biomedical engineer. Upon information and belief, neither of the VanDeWalkers have any convictions for any crimes more serious than minor traffic offenses. Upon information and belief, neither of the VanDeWalkers have ever failed to appear for scheduled court appearances. Neither Mr. nor Mrs. VanDeWalker use illegal drugs. Mr. VanDeWalker takes daily vitamins and some over-the-counter medications for heart burn. Mrs. VanDeWalker takes medication for high blood pressure. Both would be willing to lock away those medications if required by the Court or United States Probation.

While their home is not currently equipped with a landline telephone, the VanDeWalkers are willing to have one installed (without call-waiting) if required for Mr. Jeffery's release. There is internet access available at the VanDeWalker's home. While it would be nearly impossible for them to manage their daily affairs without internet,[1] they are willing to keep it password protected—and will not share the password with Mr. Jeffery if he is prohibited from using the internet. They are also willing to place parental controls on any other smart devices located in the home (such as televisions) so Mr. Jeffery cannot access the internet through those devices.

Mr. VanDeWalker owns one firearm. He is, however, willing to re-house the firearm so Mr. Jeffery can reside with them in a safer, healthier environment. Mrs. VanDeWalker is very familiar with Mr. Jeffery's medical needs – and she ensures that he is receiving his requisite doses while in

---

[1] The VanDeWalkers are currently undergoing renovations to their home due to hail damage – most of the communication to their contractors is electronic.

2

Case 5:20-cr-00464-D   Document 32   Filed 04/29/21   Page 2 of 6

custody at the Franklin County Detention Center. She could continue to assist Mr. Jeffery in prioritizing his medical needs.

Mrs. VanDeWalker has never seen Mr. Jeffery use a firearm. She also did not find a firearm when she cleared out Mr. Jeffery's home in Raleigh. Ms. VanDeWalker has also never seen Mr. Jeffery use illegal drugs and has never suspected him of being addicted to drugs or selling drugs. The VanDeWalkers are willing to serve as third-party custodians for Mr. Jeffery – and will comply with the requirements of this Court and United States Probation – including reporting violations of any conditions of release to probation, even if it means Mr. Jeffery will be immediately arrested.

## **Alternative Release Plan**

In the alternative, Mr. Jeffery's elder brother, Peter Charles Jeffery, is also willing to serve as third-party custodian. Peter Jeffery resides in a three-bedroom single-family home in Spring Hill, Florida. There is physical space for Mr. Jeffery to reside with his brother, who lives alone. Mr. Jeffery is also familiar with his brother's home, having visited him on several occasions. Furthermore, the house in Florida has been in Mr. Jeffery's family for decades.

Peter Jeffery is currently retired, also making him a suitable third-party custodian for Mr. Jeffery. Prior to retirement, Peter was a truck driver. Peter is aware of Mr. Jeffery's charges, although he does not know the specific factual allegations. Peter is also aware of Mr. Jeffery's prior convictions and recalls Mr. Jeffery remaining in compliance with post-release supervision requirements. Should Mr. Jeffery violate a condition of release while living with Peter, he is prepared to notify the United States Probation Office even if it means Mr. Jeffery will be re-arrested.

Peter Jeffery does not use any drugs and does not take any medications. He does not own a firearm, although he has a Concealed Weapons Permit, which may be expired. Upon information and belief, Peter has been charged with some minor offenses (marijuana charges from the 1970s, a no-

3
Case 5:20-cr-00464-D   Document 32   Filed 04/29/21   Page 3 of 6

contact order in the 1990 that was put in place for less than 24 hours when he was separating from his wife, and one prostitution charge which was dropped the next morning after law enforcement realized they arrested the wrong suspect). Upon information and belief, Peter also failed to appear for court on one occasion in 1974 for an improper muffler ticket, which was later resolved. Peter would be willing to provide his personal details to Untied States Probation to verify his criminal record.

Peter's home does have internet access, but he is willing to place a password on his WiFi connection and has agreed not to share that information with Mr. Jeffery if he is prohibited from using the internet. Peter is also willing to install a landline in his home and comply with whatever other requirements this Court and/or the United States Probation Office requires.

## Conclusion

Mr. Jeffery has two siblings who are able and willing to house him upon this Court's release order. Mr. Jeffery has some complex medical issues that were exacerbated by his COVID-19 diagnosis – of which we still do not know the long-term ramifications. Both siblings of Mr. Jeffery, as well as Mr. VanDeWalker (Mr. Jeffery's brother-in-law), are willing to provide additional information to probation and to have probation inspect their homes for suitability. Mr. Jeffery is also willing to submit to a curfew, electronic monitoring or house arrest in addition to residing with a third-party custodian. Wherefore, Mr. Jeffery respectfully requests this Court approve one of his proposed release plans.

Respectfully submitted, this the 29th day of April, 2021.

                                                     TARLTON|POLK PLLC

                                                   /s/ James B. Polk
                                                   James B. Polk
                                                 Attorney for Defendant
                                                 N.C. State Bar # 36998
                                                 bpolk@tarltonpolk.com
                                                 P. O. Box 1386
                                                 Raleigh, NC 27602
                                                 209 Fayetteville St., Suite 105
                                                 Raleigh, NC 27601
                                                 919-984-6464 (TEL)
                                                 919-400-4200 (FAX)

                                                 *Designation: Retained*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served upon:

Jake D. Pugh
United States Attorney's Office
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601
919-856-4530
Email: Jacob.pugh@usdoj.gov

by electronically filing the foregoing with the Clerk of Court on April 29, 2021, using the CM/ECF system which will send notification of such filing to the above.

This the 29th day of April, 2021.

        TARLTON|POLK PLLC

        /s/ James B. Polk
        James B. Polk
        Attorney for Defendant
        N.C. State Bar # 36998
        bpolk@tarltonpolk.com
        P. O. Box 1386
        Raleigh, NC 27602
        209 Fayetteville St., Suite 105
        Raleigh, NC 27601
        919-984-6464 (TEL)
        919-400-4200 (FAX)

        *Designation: Retained*