UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:20-CR-00464-D-1

| UNITED STATES OF AMERICA | DEFENDANT'S OBJECTION IN RESPONSE TO GOVERNMENT'S NOTICE OF EVIDENCE IT INTENDS TO INTRODUCE UNDER FEDERAL RULE OF EVIDENCE 404(B) |
|---|---|
| v. | |
| WILLIAM ROBERT JEFFERY | |

Defendant William Robert Jeffery, by and through undersigned counsel, respectfully asserts his objection to the Government's notice of its intent to introduce evidence under Rule 404(b).

## BACKGROUND

Defendant provides the following brief summary of the Government's allegations.

Between October 2019 and January 3, 2020, NCMEC received reports from Microsoft BingImage of uploaded images that were flagged as child sexual abuse material (CSAM). The IP address associated with this activity was linked with an IP address in Raleigh. Law enforcement executed a search warrant on Defendant's residence and seized several electronic devices, specifically a laptop with a 1TB hard drive and a 30GB hard drive from a desk computer.

The Government alleges its forensic review of these devices revealed evidence of CSAM and browsing history suggesting a sexual interest in minors. Based on the Government's examination of the 1TB hard drive, it believes the internet artifacts show that this computer was used to browse chat groups in Chatropolis and use image links from various sites to conduct reverse

image searches on Bing. This computer data occurred throughout the time period as the Cybertips from Microsoft BingImages. The Government alleges that the 30GB hard drive contains a browsing history revealing a sexual interest in minors. Of note, the dates associated with the data on this device dates are 2006 to 2009.

Defendant was charged with accessing material with intent to view child pornography on or about October 2019 through March 17, 2020. Trial is set for December 16, 2022.

## DISCUSSION

On December 7, the Government filed its notice of intent to introduce evidence under Rule 404(b). (D.E. 87). Defendant objects to the admission of this evidence.

1. **Legal Standard**

Rule 404 prohibits the admission of evidence of other crimes, wrongs, or acts "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b). Such evidence, however, "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.*

However, "[e]vidence sought to be admitted under Rule 404(b) must also satisfy Rule 403's requirement that the probative value of the evidence must not be 'substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'" *United States v. Siegel*, 536 F.3d 306, 319 (4th Cir. 2008); Fed. R. Evid. 403. "Evidence is unfairly prejudicial and should thus be excluded under Rule 403 'when there is a genuine risk that the emotions of a jury will be excited to irrational behavior, and …this risk is disproportionate to the probative value of the offered evidence." *United States v. Williams*, 445 F.3d 724, 730 (4th Cir.

2006) (quoting *United States v. Aramony*, 88 F.3d 1369, 1378 (4th Cir. 1996) (internal quotation marks omitted)).

### 2. Analysis

The 404(b) evidence at issue pertains to a prior investigation of Defendant and computer data from one of the seized devices. Both categories of evidence should be excluded as improper character evidence and, in the alternative, because the probative value of such evidence is substantially outweighed by danger of prejudice, confusion, and misleading the jury.

#### a. Prior Interview

In 2000 and 2001—over 20 years ago—Defendant pled guilty to two counts of indecent liberties with a minor and traveling in interstate commerce for the purpose of engaging in a sex act with a minor, respectively. The Government has stated its intent to introduce evidence related to the indecent liberties investigation: Defendant's statement during a law enforcement interview that he had been in chat rooms before where "x-rated" pictures of children popped up on his screen, but that he had not visited those specific addresses. The Government believes this evidence is admissible under 404(b) to show knowledge, intent, absence of mistake, or lack of accident to view illegal material through chatrooms.

Even if Defendant made the alleged statement, this evidence is not probative of the purposes the Government submits. The Government's proposition would require the jury to infer that if Defendant learned in 1999 that chat room activity could lead to accidental viewing of child pornography, then Defendant must have been looking for child pornography if he ever used a chat room again in the future. But this proposition completely ignores the fact that chat rooms are widely used for non-illicit purposes, even for legal sexual purposes, and so accessing a chat room is not itself indicative of criminal intent. The alternative would be for Defendant to never go into

a chat room again. This evidence would be impermissible character evidence of propensity and would serve as a back door through which to introduce Defendant's criminal record.

Even if the Court concludes that this evidence survives 404(b) analysis, the Court must still balance the probative value against the danger of undue prejudice under Rule 403. This evidence has very little, if any, probative value yet the danger of prejudice to Defendant is extremely high. For the reasons discussed above, the statement has minimal probative value.

Next, several additional factors undermine the probative value of this evidence. To start, this alleged statement was made in 1999 – over 20 years prior to the alleged conduct in this case. The lack of temporal proximity to the conduct here severely diminishes any probative value it may have. Next, the probative value of this statement is undermined by its lack of reliability. This alleged statement is mentioned in a 1999 Nags Head Police Department Supplemental Report which provides a description of the interview. It is not a recorded or transcribed statement. It is just a summary of the alleged statement created by the officer who wrote the report. Testimony from that officer about what he remembers Defendant said during the interview would have questionable reliability given the significant amount of time that has elapsed.

This evidence would be extremely and unfairly prejudicial to Defendant not only because of its subject matter, but also because of its context. Admission of this statement would necessarily reveal that Defendant was previously convicted of, or at least substantially investigated for, an offense involving a minor. Given the minimal probative value of this evidence, and the significant danger of unfair prejudice to the Defendant, this evidence should be excluded.

b. 30GB Hard Drive

Next the Government states its intent to introduce evidence relating to the decade-old 30GB hard drive—specifically (1) that the hard drive contained counter-forensic artifacts; and (2) that

CSAM files were found on the computer—if the Defendant argues that he inadvertently accessed CSAM material using the 1TB hard drive. The Government contends that this evidence from 2006-2009 shows lack of mistake or accident and intent to hide such material in 2019-2020.

Defendant objects to the introduction of this evidence, whether as 404(b) evidence or otherwise.[1] Per the Government's own admission, this hard drive was last used between 2006 and 2009 – at least 10 years prior to the offense dates of the present charge. Any probative value of a wiped hard drive or historical data is severely undermined by the fact that at least ten years have elapsed since this device was used. If the proposition is that the presence of counter-forensic artifacts shows that the operator of the device intended eliminate the data on the computer, the probative value is questionable given the myriad of reasons why one might wish to eliminate computer data. One such example would be to eliminate personal information from the device. Another might be to conceal or eliminate evidence of sexually explicit content or communications that are legal but taboo.

Further, this evidence has minimal probative value when considering the other anticipated evidence here: the Government has an entire 1TB hard drive of *recent* data containing the same type of evidence from which it can argue intent or lack of mistake. The 30GB evidence would serve only to suggest to the jury that Defendant has a propensity to commit this type of act and

---

[1] The Government's Notice notes that bad acts intrinsic to the alleged crime are not considered 404(b) evidence, suggesting that the Government may intend to admit evidence of the 30GB hard drive as evidence of the charged offense. To ensure Defendant preserves the objection, Defendant expressly objects to the admission of evidence pertaining to the 30GB hard drive (regardless of whether introduced as 404(b) evidence or evidence intrinsic to the alleged crime) on the grounds that it is unfairly prejudicial, confusing, misleading to the jury, a waste of time, and needlessly cumulative under Rule 403 for the reasons discussed in Section 2b. Further, the objection to this evidence is also made on the grounds that the 30GB hard drive is not evidence related to the crime of accessing with intent to view child pornography on or about October 2019 through March 2020. Defendant is not charged with *possession* of child pornography during those dates. Instead, he is charged with *accessing with intent to view* child pornography. Per the Government's own admission, the dates of activity for the data on the 30GB hard drive is 2006-2009. Therefore, even if Defendant *possessed* the 30GB hard drive, it cannot possibly serve as part of the offense conduct or story of the crime Defendant is presently on trial for, which necessarily requires accessing a device between October 2019 and March 2020.

acted in accordance with this character to commit this offense; this is specifically prohibited by the Rules.

If the court were to find that this evidence[2] is permissible under 404(b), the evidence must still pass analysis under Rule 403 and here, it cannot. This evidence triggers several of the dangers stated in Rule 403. First, this evidence is unfairly prejudicial to the Defendant because it suggests to the jury that because CSAM was on a device a decade ago, Defendant must have acted in conformity with that and accessed CSAM again with a new device. Further, Defendant is not charged with possessing or accessing CSAM on the 30GB hard drive and therefore admitting evidence of CSAM from over a decade ago on that device is inherently unfairly prejudicial.

Next, evidence regarding the 30GB hard drive would be confusing and misleading to the jury. It is anticipated that the Government will elicit a substantial amount of highly technical testimony about forensic techniques used to analyze the hard drives in this case, beyond a typical image of a hard drive. To introduce evidence about the 30GB hard drive, the Government would likely have to provide even more complex testimony that would be confusing to the jury given that the techniques used across the two devices were not identical. There is a high risk that this testimony would be both confusing and misleading to the jury and that it may conflate the material on both laptops as evidence of the charged crime, when in fact Defendant is only charged with activities beginning in 2019.

Finally, evidence about the 30GB hard drive would result in needless presentation of cumulative evidence and would result in wasting time. As discussed above, the Government has a 1TB hard drive-worth of more recent data which forms the basis of the charges. The same arguments about intent, lack of accident, and lack of mistake can be using that and other evidence

---

[2] Defendant objects not only to the specific testimony regarding counter forensic artifacts and presence of CSAM found on the 30GB hard drive but also to the introduction any evidence pertaining to the 30GB hard drive.

in the case. Thus, introducing evidence about the 30GB hard drive from 2006-2009 would be unnecessary, cumulative evidence that would result in wasting the Court's and the jury's time.

## CONCLUSION

For the reasons above, the proposed 404(b) evidence should be excluded.

Respectfully submitted, this 11th day of December, 2022.

s/ James B. Polk
James B. Polk
N.C. State Bar # 36998
bpolk@polklawnc.com
P. O. Box 1386
Raleigh, NC 27602
209 Fayetteville St., Suite 105
Raleigh, NC 27601
919-984-6464 (TEL)
919-400-4200 (FAX)
*Attorney for Defendant*

# CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on the date shown below, he electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification to Assistant United States Attorney Jake Pugh.

    Jake D. Pugh
    Assistant United States Attorney
    United States Attorney's Office
    Eastern District of North Carolina
    150 Fayetteville Street, Suite 2100 Raleigh, NC 27601
    jacob.pugh@usdoj.gov

This 11th day of December, 2022.

    /s/ James B. Polk
    JAMES B. POLK
    Attorney for Defendant
    209 Fayetteville Street, Suite 105
    Raleigh, North Carolina 27601
    Post Office Box 1386
    Raleigh, NC 27602
    Telephone: 919.948.6464
    Fax: 919.400.4200
    E-mail: bpolk@polklawnc.com
    N.C. State Bar No. 36998

*Designation: Retained*