UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:20-CR-00464-D-1

| UNITED STATES OF AMERICA | |
|---|---|
| v. | **MOTION TO DISMISS** |
| WILLIAM ROBERT JEFFERY | |

NOW COMES Defendant William Robert Jeffery, by and through counsel, and moves this Honorable Court to dismiss the Second Superseding Indictment based on the grounds that the "access with intent to view" prong of Title 18 Section 2252(a)(5)(B) is unconstitutionally vague.

## BACKGROUND

Between October 2019 and January 2020, NCMEC received reports from Microsoft Bing Image of images that were flagged as child sexual abuse material (CSAM). The IP address associated with this activity was linked with an IP address in Raleigh. Law enforcement executed a search warrant on Defendant's residence and seized several electronic devices, specifically a work laptop with a 1TB hard drive.

The Government alleges its forensic review of these devices revealed evidence of CSAM carved from the hard drive and browsing history suggesting a sexual interest in minors. Of note, the five images that were the subjects of the Cybertips were not found on the hard drive. Based on the Government's examination of the 1TB hard drive, it believes the internet artifacts show that this computer was used to browse chat groups in Chatropolis and use image links from various

websites to conduct reverse image searches on Bing. Chatropolis is a chatroom website where adults can enter chat groups and discuss or share content, including adult sexual content, with each other. The various chat rooms have different themes but Chatropolis's posted rules expressly prohibit child pornography and any content or messages relating to minors.

The computer data available on the 1TB work laptop, though largely undated, allegedly occurred throughout the same time period as the activity triggering the Cybertips from Microsoft Bing.

On December 7, 2022, a federal grand jury returned a one-count Second Superseding indictment against Defendant charging him with accessing material with intent to view child pornography on or about October 2019 through March 17, 2020.

## DISCUSSION

Defendant argues that the "knowingly accessing with intent to view" child pornography statute is unconstitutionally vague because it fails to give fair notice of what conduct is proscribed by the statute. Defendant asserts this vagueness challenge as applied to his case.[1]

Title 18 Section 2252A(a)(5)(B) prohibits "knowingly possessing, or knowingly access[ing] with intent to view, any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography."[2] 18 U.S.C. § 2252A(a)(5)(B) (2012). The statute does not define the term "access."

---

[1] A defendant "who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." *Holder v. Humanitarian L. Project*, 561 U.S. 1, 18-19 (2010) (internal quotations omitted). "Vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in light of the facts of the case at hand." *United States v. Sun*, 278 F.3d 302, 309 (4th Cir. 2002) (quoting *United States v. Mazurie*, 419 U.S. 544, 550 (1975)).

[2] Defendant does not challenge the constitutionality of the federal nexus portion of the statute and therefore will omit discussion of it.

1. **Legal Standard**

The Constitution instructs that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. Amend. V. It is well-established that "the Government violates this guarantee by taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." *Johnson v. United States*, 576 U.S. 591, 595 (2015).

A penal statute must "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Beckles v. United States*, 580 U.S. 256, 262 (2017). "A statute is unconstitutionally vague if it 'fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute.'" *United States v. Bennet*, 984 F.2d 597, 605 (4th Cir. 1993) (quoting *United States v. Harriss*, 347 U.S. 612, 617 (1954)).

Defendant notes that the Fourth Circuit has considered the constitutionality of the "access" portion of the statute in an unpublished opinion, concluding that the it was not unconstitutionally vague as applied to Wiggins. *United States v. Wiggins*, 617 F. App'x 266 (4th Cir. 2015).[3]

---

[3] After being convicted at a bench trial of two counts of accessing with intent to view child pornography, Wiggins argued on appeal that the statute is unconstitutionally vague because it fails to adequately define "access." *Wiggins*, 617 F. App'x 266. The evidence showed that law enforcement watched Wiggins as he sat at a computer terminal in a library and used the computer while other officers monitored the activity of the IP address associated with that computer in real-time and saw that it was being used to access child pornography sites. *Id.* at 267. The court held that "while there is no case law directly on point, the term 'accessing' is sufficiently clear," noting that "Wiggins' multiple visits to websites containing images of child pornography, and the number of images that he viewed during those visits, clearly satisfies the definition of 'access.'" *Id.* at 268. The evidence at trial showed that a search of the computer revealed *62 images of child pornography that had been accessed in one day* and multiple sites were visited, displaying numerous visual depictions of minors engaged in sexually explicit conduct. *Id.* at 267 (emphasis added).

However, *Wiggins* is not binding on this Court and Defendant is unaware of any binding authority foreclosing this constitutional argument.

### 2. Analysis

Defendant argues that the statue, as applied to his case, fails to provide notice as to what conduct is prohibited by the statute.

The text of the statute itself does not define "access." Turning to the plain and ordinary meaning of the word, the verb "access" means "to be able to use, enter, or get near (something)." "Access." Merriam-Webster.com Dictionary, Merriam-Webster, https://www.merriam-webster.com/dictionary/access (Accessed 15 Dec. 2022). This provides no clarity. If one does not know what it means to "access," and what one is prohibited from "accessing," then one cannot know what conduct is prohibited under the statute.

The Government's theory of the case appears to be that Defendant's general search history and online activity, when viewed as a whole and in the context of his prior conviction, shows that Defendant entered the internet with the intent of viewing child pornography. The Government's focus appears to be on the computer data pertaining to Chatropolis activity, adult pornography websites, and Bing Reverse Image Search, which are not child pornography websites.

The statute fails to give Defendant notice that by entering an online adult chat room on Chatropolis, he is subject to criminal liability under the child pornography statute if an image of child pornography existed somewhere on Chatropolis regardless of whether he saw it or not. The statue certainly does not give notice to a person of ordinary intelligence that using Microsoft Bing Image Search could result in liability under the statute. It is not even clear under the language of the statute whether Defendant has to have actually found child pornography to be liable.

In *Wiggins*, "access" was clear based on Wiggins entering child pornography websites and finding 62 images of child pornography during that visit that the conduct was clearly proscribed by the statute. But here, the factual allegations are not that Defendant went onto a known child pornography website and viewed particular files but rather that his alleged participation in adult chatrooms and use of Bing Image search constitute accessing the internet with intent to view child pornography.

It is entirely unclear which of Defendant's alleged computer activity violates the statute or what constitutes "access".

## CONCLUSION

For the reasons above, Defendant respectfully asks the court to dismiss the Second Superseding Indictment because the statute he is charged under is unconstitutionally vague.

Respectfully submitted, this 15th day of December, 2022.

s/ James B. Polk
James B. Polk
N.C. State Bar # 36998
bpolk@polklawnc.com
P. O. Box 1386
Raleigh, NC 27602
209 Fayetteville St., Suite 105
Raleigh, NC 27601
919-984-6464 (TEL)
919-400-4200 (FAX)
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date shown below, he electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification to Assistant United States Attorney Jake Pugh.

Jake D. Pugh
Assistant United States Attorney
United States Attorney's Office
Eastern District of North Carolina
150 Fayetteville Street, Suite 2100 Raleigh, NC 27601
jacob.pugh@usdoj.gov

This 15th day of December, 2022.

/s/ James B. Polk
JAMES B. POLK
Attorney for Defendant
209 Fayetteville Street, Suite 105
Raleigh, North Carolina 27601
Post Office Box 1386
Raleigh, NC 27602
Telephone: 919.948.6464
Fax: 919.400.4200
E-mail: bpolk@polklawnc.com
N.C. State Bar No. 36998

*Designation: Retained*